Dear Mr. Flory:
This office is in receipt of your request for an opinion of the Attorney General in regard to privileged communications. The Board of Review for the Department of Employment and Training is charged with the duty of appellate review of decisions rendered pursuant to the Louisiana Employment Security Law and you present questions involving evidence to be considered by the Board. Your questions are as follows:
 1) If a claimant has raised medical problems as a defense of his behavior for the conduct that resulted in his discharge, and the employer requests a subpoena duces tecum of his medical records, should the subpoena be issued;
 2) Has the claimant waived the doctor-patient privilege by submitting a statement regarding his condition from his doctor;
 3) Is the administrative law judge responsible to advise an unrepresented party of his right to a privilege;
 4) What additional privileged communications do we need to be aware of;
 5) Are pharmacy records of prescriptions included in the doctor-patient privilege;
 6) Does the patient have a doctor-patient privilege when the employer pays for a drug test; and
 7) If a spouse testifies at the hearing, has the spousal privilege been waived only with regard to the things the spouse testified about.
In answer to your first two questions attention must be given to Code of Evidence Art. 510, "Health care provider-patient privilege". The general rule in the statute is that "in a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives". However, the statute sets forth exceptions to the privilege. It provides there is no privilege in a non-criminal proceeding "when the communication is relevant to an issue of the health condition of the patient in any proceeding in which the patient is a party and relies upon the condition as an element of his claim or defense", Art. 510(2)c. The official comments notes that Article 510(2)(c) is a new provision that "reflects the broad principles generally underlying the exceptions previously recognized by the legislature and jurisprudence", and it supplements paragraphs (a) and (b) "negating the health care provider privilege when a patient takes the initiative in asserting his condition as a claim or defense".
C.E. Art. 510(E) provides the exceptions to the privilege set forth in Paragraph B(2) constitutes a waiver of the privilege as to testimony at trial or to discovery of the privilege by one of the discovery methods authorized by the Code of Civil Procedure Article 1421 et seq and the applicable provisions of Title 13, Part II of Chapter 17.
Therefore, when the claimant asserts his condition as a defense to the disciplinary action he must be considered as having waived the doctor-patient privilege regarding his condition from his doctor, and a subpoena may issue for the medical records.
In State v. Ward, 483 So.2d 5778 (La. 1986), the Louisiana Supreme Court stated the question before them was whether the trial court had a duty to inform the witness as wife of the defendant of her privilege not to testify, and it was held, "Nowhere in our rules of procedure or jurisprudence is such a duty stated." Similarly, in answer to your question if an administrative law judge is responsible to advise an unrepresented party of his rights to a privilege, we find no statutory provision that would suggest such a responsibility. Additionally, we do not find a provision in the Code of Judicial Conduct placing this responsibility upon an administrative law judge, but this is more properly a matter to be considered by the Judicial Administrator.
In regard to your question of what additional privileged communications you need to be aware of, we find it difficult to answer such a broad question. We do point out that Chapter V of the Code of Evidence, entitled "Testimonial Privileges" includes spousal witness privilege, lawyer-client privilege, health care provider-patient privilege, communications to clergymen, political vote, and trade secret. When these or any other privileged matters will be pertinent to your inquiry will depend on the facts of each matter. However, in Laburre v. EastJefferson General Hospital, 555 So.2d 181 (La. 1990), the Louisiana Supreme Court observed that in determining whether to require disclosure if requested, the court must balance the significant privacy interest and other public policy considerations against the need for disclosure in the particular case by the party seeking the information.
The Louisiana Pharmacy Act is set forth in R.S. 37:1204 et seq. and provides in R.S. 37:1198 that there shall be kept in every pharmacy a book or file in which shall be preserved for not less than five years every prescription compounded or dispensed. It is further provided, "The book or file of prescriptions shall be open to inspection during business hours by the Board or its authorized agents or employees." R.S. 37:1204 provides that physicians, dentist and veterinarians may dispense medicines for their patients and are required to label medications and also maintain prescription files of those sold or dispensed by them. That statute further provides, "Nothing herein shall authorize the Louisiana Board of Pharmacy to have access to the patient medical records maintained in the private office of a physician."
We assume your question of the privilege of pharmacy records is relative to the review of an employer-employee relations. We have found when the health condition of a claimant is asserted as an element of a claim or as a defense he must be considered as having waived the doctor-patient privilege, and we must conclude this would extend to the pharmacy records prescribed by the doctor that is pertinent to a claim or defense. Otherwise, we believe the prescription records are only open for inspection by the Board of Pharmacy, its agents or employees.
With regard to your sixth question of the doctor-patient privilege for a drug test, we feel the previous answers are pertinent insofar as it was observed when the doctor-patient communication is relevant to an issue of the health condition of the patient in a proceeding in which the patient is a party and asserts his condition as a claim or defense, there is no privilege. This is further provided in R.S. 49:1001 et seq, "Drug Testing", wherein R.S. 49:1012 provides all test results received by the employer through the drug testing program are confidential communications and may not be used or received in evidence, obtained in discovery or disclosed in any public or private proceedings "except in an administrative or disciplinary proceeding or hearing or civil litigation where drug use by the tested individuals is relevant."
However, various considerations beyond the doctor-patient privilege must be given to the admissibility of the results of a drug test in a review hearing with regard to the test as a search, such as the reason for the drug test and whether it can be concluded the submission by the employee constituted a valid consent to the test and a waiver of privacy. Most significant is there must be compliance with R.S. 49:1001 et seq, the drug testing law. R.S. 49:1007 mandates all results of drug testing shall be reported to a medical review officer who shall review all confirmed positive tests of employees and report such results to the employer in compliance with the National Institute on Drug Abuse guidelines or R.S. 23:1081 et seq and R.S. 23:1601 et seq.
Your last question is on spousal witness privilege. You ask if a spouse testifies, has the privilege been waived only with regard to the things the spouse testified about.
Code of Evidence Art. 504 provides that each spouse has a privilege during and after the marriage to refuse to disclose, and to prevent the other spouse from disclosing confidential communications with the other spouse while they were husband and wife. There are various exceptions where this privilege does not apply such as in a criminal case in which one spouse is charged with a crime against the other, a civil case by one spouse against the other, a commitment proceeding of either spouse, when offered to protect the rights of a minor child, or is cases otherwise provided by the legislature.
Code of Evidence Art. 505 sets forth that a witness spouse has a privilege not to testify against the other spouse in a criminal case during the marriage.
In the recent decision of State v. Taylor, 94-KK-0696, the Louisiana Supreme Court made a comprehensive study of the spousal witness privilege. The court noted that under C.E. Art.505 the privilege is held by the witness spouse and can be waived by that spouse. The spouse cannot be compelled to be a witness against the other, but the statute does not prohibit a spouse from voluntarily taking the stand against the defendant spouse. However, there is a difference between this privilege which can be waived by the testifying spouse and the privilege of C.E. Art504 which is the privilege that attaches to private conversations between the husband and wife and which may be asserted by the defendant spouse.
The court points out that C.E. Art. 504 makes an exception for the confidential communication privilege where the spouse is the victim, but there was not an exception in C.E. Art 505. However, the court pronounced a new rule by concluding that it was compelled to limit exercise of the privilege of the witness spouse where the evidence indicates the privilege is being exercised because of fear, threats or coercion.
Thus, at the hearing the witness spouse may be required to take the stand but may not testify to privileged confidential communications between the husband and wife unless the defendant spouse waives the privilege of confidentiality.
We hope this gives you insight to privileged communications and your request for a meeting with an attorney from the Department of Justice will be arranged.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR